IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-02272-NYW

D.G.P.,[1]

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of the Social Security Administration,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion to Reopen Case Under Fed. R. Civ. P. 60(b) to Reopen Case [sic] for an Award of Attorney Fees Pursuant to 42 USC § 406(b) ("Motion" or "Motion for Attorney's Fees").  [Doc. 20, filed January 30, 2025]. Plaintiff's counsel seeks $33,669.75 in attorney's fees.  [*Id.* at 1]. [2]  The Commissioner has filed a Response, but takes no apparent position on the Motion, stating only that the fee award must be reasonable.  [Doc. 21 at 1–2].[3]

---

[1] The Local Rules of Practice for this District state that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."  D.C.COLO.LAPR 5.2(b).  Although the Court has already resolved D.G.P.'s appeal on the merits, the Court continues to use only Plaintiff's initials to identify her.

[2] When citing to the Administrative Record, the Court utilizes the docket number assigned by the CM/ECF system and the page number associated with the Administrative Record, which is found in the bottom right-hand corner of the page.  For all other documents, the Court cites to the document and page number generated by the CM/ECF system, rather than the page numbers assigned by the Parties.

[3] Prior to initiating this case, Plaintiff filed an earlier appeal of the Commissioner's April 17, 2015 denial of benefits.  [Doc. 9-2 at 8–10].  The Honorable Phillip A. Brimmer reversed and remanded the decision for a new hearing.  [Doc. 9-9 at 783–99].  The Administrative Law Judge ("ALJ") held another hearing on July 16, 2019 and issued

Plaintiff D.G.P. ("Plaintiff" or "D.G.P.") appealed to this Court for review of the Commissioner of Social Security Administration's ("SSA") final decision denying her application for Disability Insurance Benefits and Supplemental Security Income.  *See generally* [Doc. 1].  On September 24, 2024, this Court entered a Memorandum Opinion and Order reversing and remanding the Commissioner's decision.  *See* [Doc. 16].  On November 6, 2024, the SSA determined that Plaintiff is entitled to monthly Social Security Disability Insurance Benefits, retroactive to December 2014.  [Doc. 20-11 at 1].

A motion under § 406(b) must be filed within a "reasonable time of the Commissioner's decision awarding benefits."  *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  Here, Plaintiff's Motion was filed on January 30, 2025, within two months of the SSA's Notice of Award.  *See* [Doc. 20; Doc. 20-11].  Accordingly, the Court finds the Motion is timely.  *See Shockley v. Saul*, No. 19-cv-02584-REB, 2021 WL 9217693, at *1 n.2 (D. Colo. May 18, 2021) ("The filing of a motion within three months of the Notice is routinely found acceptable.").

Under § 406, an attorney's fees award may not exceed 25% of the recovered past-due benefits and must also be "reasonable."  42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  A contingency fee agreement is the "the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht*, 535 U.S. at 807.  "In determining whether a fee amount is reasonable, courts may consider factors such as the character of the representation, the results achieved, whether the benefits recovered are large in comparison to the amount

---

another unfavorable decision.  [Doc. 9-8 at 633–35].  This case arose out of Plaintiff's appeal of that second unfavorable decision.

of time spent on the case, and whether the plaintiff's attorney is responsible for delay in the proceedings." *Trujillo v. Bisignano*, No. 17-cv-01590-WJM, 2025 WL 2051737, at *1 (D. Colo. July 22, 2025) (citing *Gisbrecht*, 535 U.S. at 807–08).

It is unclear to the Court the exact amount of past-due benefits that Plaintiff was awarded, as the Notice of Award does not indicate a specific total amount, *see* [Doc. 20-11], nor does Plaintiff's counsel, *see* [Doc. 20 at 5 ("past due benefits are over $130,000")]. The Notice of Award states that "[D.G.P.'s] representative may ask the court to approve a fee no larger than 25 percent of past due benefits. Past due benefits are those payable through August 2024, the month before the [C]ourt's decision. For this reason, [the SSA is] withholding $33,669.75." [Doc. 20-11 at 3].

Accordingly, the Court presumes the requested fee of $33,669.75 is equal to 25% of the past-due benefits. *See* [*id.*]. Consistent with the retention agreement, the requested fee does not appear to exceed 25% of the past-due benefits. *See* [Doc. 20-12]. But "[n]otwithstanding the terms of a contingent fee agreement, a court is obligated to consider whether the fee yielded by the agreement is reasonable." *Wallace v. Barnhart*, No. 05-cv-01613-MSK, 2008 WL 4681926, at *2 (D. Colo. Oct. 21, 2008).

Plaintiff's counsel Michael Seckar ("Mr. Seckar") represents that 62.7 total attorney hours and 7.1 legal assistant hours were spent on the litigation of this case. [Doc. 20 at 5]. Mr. Seckar represents that he spent 56.9 hours on the case. [Doc. 20-3 at 3 (21.3 hours); Doc. 20-7 at 3 (16.3 hours); Doc. 20-9 at 2 (19.3 hours)]. Plaintiff's legal assistant, Samuel Seckar, represents that he spent 7.1 hours on this case as a legal assistant, [Doc 20-4 at 2 (2.8 hours); Doc. 20-8 at 2 (4.3 hours)], and 5.8 hours on the case as a licensed attorney, [Doc. 20-10 at 2]. Mr. Seckar represents that his legal assistant's work is billed

3

at $80 an hour. [Doc. 20-3 at 4; Doc. 20-7 at 4]. Accounting for counsel's legal assistant's billing rate, counsel's work on this case results in an hourly rate of approximately $530 an hour.

The Court notes that some of Mr. Seckar's billed tasks are administrative in nature, and courts tend to be skeptical of awarding attorney's fees—especially such high fees—for administrative work. *See* [Doc. 20-3 at 2 (billing .5 hours, twice, at least in part, for e-filing); Doc. 20-7 at 2 (billing .5 hours, at least in part, for e-filing)]; *see also Bess v. Kijakazi,* No. 22-cv-00864-REB, 2023 WL 2422205, at *4 (D. Colo. Mar. 6, 2023). However, even excluding the 1.5 hours attributed to administrative tasks, the calculation of the hourly rate amounts to approximately $550 an hour. This hourly rate is within the range that is widely considered reasonable in this District. *See Bumgarner v. Saul*, No. 19-cv-02288-KLM, 2022 WL 1225309, at *2 (D. Colo. Apr. 26, 2022) (collecting cases). This amount is also consistent with other awards in this District. *See, e.g.*, *Day v. Saul*, No. 19-cv-03070-REB, 2021 WL 9316347, at *2 (D. Colo. Mar. 3, 2021) (awarding $16,756.65 for 28 hours worked). The Court finds that counsel's experience in representing Social Security claimants likely enabled him to decrease the number of hours necessary to prepare a particular case. *See* [Doc. 20 at 5]. Moreover, counsel produced a positive result for Plaintiff, recovering over $130,000 in past-due benefits. *See* [Doc. 20-11]; *Gisbrecht*, 535 U.S. at 807. In sum, the Court finds good cause to grant the Motion for Attorney's Fees. *See Trujillo*, 2025 WL 2051737, at *1 (finding $25,210 fee award reasonable for 18 hours worked in light of counsel's experience and results obtained).

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion to Reopen Case Under Fed. R. Civ. P. 60(b) to Reopen Case [sic] for an Award of Attorney Fees Pursuant to 42 USC § 406(b) [Doc. 20] is **GRANTED**; and

(2) Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel is awarded $33,669.75 in attorney's fees.  Upon payment of this awarded fee, Plaintiff's counsel shall refund to Plaintiff the sum of $10,374.31, representing the two awards previously issued by the Court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[4]

DATED:  October 23, 2025                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[4] The EAJA requires that funds awarded under the statute be refunded to the claimant once § 406 fees are paid.  See Gisbrecht, 535 U.S. at 796.  Judge Brimmer previously awarded $4,526.81 in EAJA fees.  [Doc. 20-2 at 2; Doc. 20 at 2].  However, Plaintiff's counsel represents that the EAJA fees awarded were never paid to counsel because those amounts were instead applied to Plaintiff's education debt.  [Doc. 20 at 2; Doc. 20-5].  However, Judge Blackburn awarded $3,877.68 in fees pursuant to EAJA, [Doc. 20-6 at 2], and this Court awarded $6,496.63 in fees pursuant to EAJA, [Doc. 19].  Mr. Seckar indicates that he has received both Judge Blackburn's award and this Court's award.  [Doc. 20 at 3–4].  Accordingly, Mr. Seckar shall refund $10,374.31 to Plaintiff pursuant to EAJA.  See Gisbrecht, 535 U.S. at 796.